In the Matter of the Application of FRANCIS J. KOLB, Petitioner, Respondent, for an Order against THOMAS L. HOLLING, Mayor of the City of Buffalo, and Others, Appellants.

Fourth Department, June 28, 1940.

David Diamond, Corporation Counsel [John E. Livermore, Assistant Corporation Counsel, of counsel], for the appellants.

Thomas J. O'Donnell, for the respondent.

CROSBY, P. J.   This is an appeal by the mayor, the comptroller and the common council of the city of Buffalo from an order of the Special Term of the Supreme Court directing them to provide funds to pay the salary of petitioner-respondent due him for the period from August 1, 1939, to September 15, 1939.   Petitioner is a rodman

for the grade crossing and terminal station commission of the city of Buffalo duly appointed by the commission at a salary of $2,000 a year. The only question here involved is whether petitioner's salary for the period mentioned should be paid in the first instance by the city of Buffalo or by the State of New York.

It is unnecessary to consider the various acts of the Legislature which finally resulted in the creation of the present commission. Suffice it to say that, until the amendment to the Constitution which became effective January 1, 1939, the commission owed the duty to pay, in the first instance, the salaries of its various employees. By the amendment to section 14 of article VII of the Constitution, effective January 1, 1939, it was provided as follows: " The expense of any grade crossing elimination the construction work for which was not commenced before January first, nineteen hundred thirty-nine, including [certain things mentioned], whether or not an order for such elimination shall theretofore have been made, shall be paid by the State in the first instance, but the State shall be entitled to recover from the railroad company or companies [certain costs and percentages]."

Following this constitutional amendment, the Legislature enacted chapter 289 of the Laws of 1939. Section 2 of that act provides that the old statute of 1928 and its amendments " shall continue to apply with full force and effect to the elimination of highway-railroad crossings at grade, the construction work for which was commenced *before* January first, nineteen hundred thirty-nine, and shall also apply to the elimination of highway-railroad crossings at grade, the construction work for which is commenced *after* January first, nineteen hundred thirty-nine, *except* * * * (2) as the provisions of such act or acts are * * * inconsistent with section fourteen of article seven of the Constitution as now in force," etc.

The act of 1928 (chap. 679) and its amendments would have required the city of Buffalo, in the first instance, to pay petitioner the salary he earned after January 1, 1939. The amendment to the Constitution provides that such expense " shall be paid by the State in the first instance." We do not need to say that section 2 of chapter 289 of the Laws of 1939 is unconstitutional. It provides that the act of 1928 shall apply except as its provisions conflict with the " Constitution as now in force," and the exception is plainly defined by the Constitution. Section 4 of the legislative act of 1939 again provides that " The expense of every grade crossing elimination, the construction work for which is commenced after January first, nineteen hundred thirty-nine, including [certain things] * * * shall be paid in the first instance out of the State Treasury," etc.

As against the clear mandate of the Constitution, and the recognition of that mandate by the wording of sections 2 and 4 of chapter 289 of the Laws of 1939, we have section 7 of that act, the meaning of which seems obscure. It provides that " Where a commission, the Buffalo Commission, the Syracuse Commission, a *municipality*, the *department* or the Department of Law of the State of New York has, under the provisions of the acts [of 1928 and amendments] been authorized to incur any expense in connection with a highway-railroad grade crossing elimination, similar expenses may be incurred after January first, nineteen hundred thirty-nine, to enable it to perform its duties imposed by said acts," etc.

This section then provides that such expenses shall be paid by " the Comptroller." It seems to me the word " Comptroller " here means the Comptroller of the State of New York, and such interpretations make section 7 consistent with sections 2 and 4 of the act, and consistent with the amended Constitution.

There is another matter in this case that is somewhat confusing, though it is not mentioned by either side. The constitutional amendment, as well as the legislative act (Laws of 1939, chap. 289), speaks of expenses incurred on elimination projects " the construction work for which is commenced " (before or after January 1, 1939). The controversy here relates to the payment of the salary of an employee who was appointed in December, 1937, and the salary was earned in August and September, 1939. There is nothing in the record to show whether the salary was earned while working on a project that was started before January 1, 1939, or while working on a project started thereafter. Both sides seem to have treated the matter as if the salary item was an item in the nature of an expense incurred in a project the construction work for which was commenced after January 1, 1939. It is at least arguable that one of the purposes of section 7 was to bring expenses such as salaries which were earned after January 1, 1939, into the same category with other expenses incurred after that date. In any case, any confusion in this regard would not change the result reached.

The order should be reversed on the law, without costs of this appeal to any party, and the proceeding dismissed on the merits, without costs.

All concur, except HARRIS, J., who dissents and votes for affirmance in an opinion. Present — CROSBY, P. J., TAYLOR, DOWLING, HARRIS and McCURN, JJ.

HARRIS, J. (dissenting). Although I agree with the opinion of the majority of the court in interpreting the word " Comptroller "

in section 7 as meaning State Comptroller, I dissent from such opinion for the following reasons:

1. The commission has two functions or duties: (a) In reference to elimination of grade crossings; (b) in reference to terminals. (Laws of 1911, chap. 842; Laws of 1923, chap. 231; Laws of 1928, chap. 679.)

2. Prior to the State bond issue provisions in the Constitution, the payments for eliminations, so far as Buffalo was concerned, were a matter of adjustment between the railroad company and the city on each individual job. The provisions of the State Constitution for bond issue for grade crossing elimination was with the object of financing elimination jobs so as to relieve railroads and municipalities from a part of the cost. The amendment (Art. VII, § 14) to the Constitution which went into effect January 1, 1939, provided for the outlay by the State for the expense of each elimination as it arose and specifically limited the amount that could be charged by the State authorities against the railroad. These constitutional amendments did not in any way cover the general expense of maintaining commissions, whether they be State or local. What was done in adopting the amendments to the Constitution was to provide for specific expenditures for specific jobs with limited reimbursement by the railroad. The Department of Public Service (formerly the Public Service Commission and the Transit Commission) has certain overhead expenses (salaries, rent, means of communication, etc.) which are paid by the State and are not considered part of the expense of any specific job or jobs of elimination. In logic, therefore, it appears to me that the general overhead, including the salary of the petitioner herein, of the Buffalo grade crossing commission, is still a charge to be paid for by the city with the added thought that when any specific item of the expense of that overhead is chargeable to a specific job of elimination, then that specific item of overhead may be reimbursable on the approval of the State authority (Department of Public Service).

As to the remedy available to the petitioner herein, ordinarily we might say that the employee has a remedy consisting of bringing suit against the city for his services, but here we have involved the entire question of the overhead of the local commission, and I believe that the remedy best available is that sought in the petition herein.

· The order appealed from should be affirmed, with costs to the petitioner.

Order reversed on the law, without costs of this appeal to any party, and proceeding dismissed, without costs.